IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BLAIR | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-2388-N |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Christopher Blair, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed for want of prosecution.

I.

On December 22, 2006, petitioner filed a handwritten complaint seeking credit on his sentence for "street time" while out on parole and good times credits earned prior to his release. However, petitioner did not tender a standard form habeas petition, pay the statutory filing fee, or seek leave to proceed *in forma pauperis*. By order dated December 29, 2006, petitioner was directed to correct these deficiencies within 20 days or the case would be dismissed. No action was taken in response to that order. On January 26, 2007, the court again ordered petitioner to correct these deficiencies within 20 days and reminded him that the failure to do so "may result in the imposition of sanctions, including dismissal of this action for want of prosecution." *See* Order, 1/26/07. To date, petitioner still has not submitted a form habeas petition, paid the statutory filing fee, or sought

leave to proceed *in forma pauperis.* The court now determines that this case should be dismissed without prejudice.

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Petitioner has not filed a form habeas petition, paid the statutory filing fee, or sought leave to proceed *in forma pauperis.* Until he does so, this litigation cannot proceed. Petitioner was twice notified of these deficiencies and warned that the failure to cure these defects would result in the dismissal of his case. Both orders have been ignored. Under these circumstances, dismissal is clearly warranted. *See Lattimer v. Dretke*, No. 3-05-CV-2370-M, 2006 WL 385126 at * 1 (N.D. Tex. Jan. 26, 2006) (Kaplan, J.) (recommending dismissal without prejudice after petitioner failed to comply with two court orders requiring him to either pay the statutory filing fee or seek leave to proceed *in forma pauperis*).

**RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 23, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE